T.C. Summary Opinion 2007-204


UNITED STATES TAX COURT


THOMAS A. SCHROEDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4207-06S.                    Filed December 6, 2007.


Thomas A. Schroeder, pro se.

<u>Angela J. Kennedy</u>, for respondent.


COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,043 in petitioner's Federal income tax for 2003. Petitioner does not dispute the deficiency but claims that his former spouse should be held liable for one-half of it.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Indiana at the time that his petition was filed.

During 2003, petitioner was married to Kathi Schroeder. Petitioner and Kathi Schroeder divorced in 2004.

For more than 10 years prior to 2003 and during 2003, petitioner was a limited partner in Franklin Ridgewood Associates Limited Partnership. Petitioner made the investment and signed the necessary papers because Kathi Schroeder did not participate in matters involving investments. On the partnership return, petitioner alone was shown as the partner receiving distributions of income; Kathi Schroeder was not shown as a partner. During 2003, petitioner received distributed income and interest income from Franklin Ridgewood Associates Limited Partnership in the total amount of $2,894.

On April 15, 2004, petitioner and Kathi Schroeder filed a joint Form 1040, U.S. Individual Income Tax Return, for 2003. The income of $2,894 received from Franklin Ridgewood Associates

Limited Partnership was not reported on that return.  In the notice of deficiency, respondent determined a deficiency of $1,043 attributable to the failure to report the partnership income on petitioner's 2003 return.

## Discussion

Petitioner's contention in this case is that his former wife should be required to pay one-half of the deficiency and interest attributable to the failure to report partnership income during 2003.  The petition alleges that petitioner and his former wife both shared the benefits of the partnership throughout their marriage, she shared in the distribution of all assets including the value of the limited partnership, and she had the ability to pay "her fair share of the tax".

Section 6013(d)(3) provides that, if a joint return is filed, the tax is computed on the individuals' aggregate income, and liability for the resulting tax is joint and several.  See also sec. 1.6013-4(b), Income Tax Regs.  A fundamental characteristic of joint and several liability is that the Internal Revenue Service (IRS), at its option, may proceed against the taxpayers separately and may obtain a separate judgment against each.  See Dolan v. Commissioner, 44 T.C. 420 (1965).  The decision to assess or not assess tax against one of the spouses who filed a joint return does not prevent the IRS from proceeding against the other.  See id.; see also Kroh v.

Commissioner, 98 T.C. 383 (1992). Petitioner was a partner in the partnership that was the source of the unreported income in issue.

Therefore, the Court has no basis for limiting petitioner's liability to 50 percent as he requests. Petitioner does not qualify for section 6015 relief, because he admits to receiving and failing to report the items of income. Petitioner does not qualify for relief under section 6015(b), because he cannot establish that he did not know or had no reason to know that there was an understatement of tax when he signed the return. See sec. 6015(b)(1) and (2). Petitioner testified that he was unaware of the understatement on the return because he did not receive the form for 2003 reporting distributions from the partnership and he relied on his accountant to prepare the return. In view of his long-held interest in the partnership, however, he should have known that his income from the partnership was not included on the return and that an understatement would result. Because the items giving rise to the deficiency were directly allocable to petitioner, section 6015(c) does not provide any avenue for relief. See also sec. 1.6015-3(d)(2)(iii), Income Tax Regs. (stating that erroneous items of income are allocated to the spouse who was the source of the income). Finally, it is not inequitable to hold petitioner liable for the deficiency since he fails one of the threshold

conditions for relief, i.e., "The income tax liability from which the requesting spouse seeks relief is attributable to an item of the * * * [other spouse]".  Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. 296, 297.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.